IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| MARK STEVEN AYALA, | ) |
| Plaintiff, | ) |
| vs. | ) No. 10-cv-02315-STA-dkv |
| UNITED STATES, | ) |
| Defendant. | ) |

ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
(DOCKET ENTRY 22)
ORDER DENYING DEFENDANT'S FIRST MOTION TO DISMISS AS MOOT
(DOCKET ENTRY 20)
ORDER DENYING REMAINING MOTIONS AS MOOT
(DOCKET ENTRIES 23 & 24)
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

On February 18, 2010, Plaintiff Mark Steven Ayala, Bureau of Prisons inmate registration number 03342-030, an inmate at the Federal Correctional Institution in Littleton, Colorado, filed a pro se complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq. (Docket Entry ("D.E.") 1.) Plaintiff Ayala alleged that beginning in October 2006, he made repeated complaints to Defendant's medical staff at the Federal Correctional Institution in Memphis, Tennessee, about hoarseness, loss of voice, and blood in his sputum. (D.E. 1 at 3-4.) Plaintiff alleged that Defendant "negligently, carelessly and unskillfully rendered and failed to render proper medical care, services and treatment [ ] by negligently, carelessly and unskillfully failing to provide Plaintiff necessary and obvious treatment during" his incarceration. (D.E. 1 at 5.) In February

2007, Plaintiff was diagnosed with squamous cell carcinoma of the throat. (D.E. 1 at 4.)

On July 11, 2011, the United States filed a motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b). (D.E. 20.) On November 18, 2011, the United States filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on the ground that Plaintiff has failed to file the certificate of good faith required by Tennessee Code Annotated § 29-26-122. (D.E. 22.) On January 17, 2012, Plaintiff Ayala responded to the motions filed by the United States. (D.E. 24.) On January 25, 2012, the United States replied to Plaintiff's response. (D.E. 29.) On February 10, 2012, Plaintiff responded to the United States' reply. (D.E. 30.)

Pursuant to Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is analyzed like a Rule 12(b)(6) motion for failure to state a claim. See Jelovsek v. Bredesen, 545 F.3d 431, 434 (6th Cir. 2008), cert. denied, ___ U.S. ___, 130 S. Ct. 199, 175 L. Ed. 2d 127 (2009). In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the [c]ourt considers

the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, ___ U.S. at ___, 129 S. Ct. at 1951) (internal quotation marks omitted). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, ___ U.S. at ___, 129 S. Ct. at 1950; see also Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1965 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Markowski v. Allstate Prop. & Cas. Co., No. 3:07-cv104, 2010 WL 1609612, at *2 (E.D. Tenn. Apr. 20, 2010); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which a plaintiff has not spelled out in his pleading"); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf.

3

Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), pet. for cert. filed (U.S. Aug. 5, 2011) (No. 11-5908).

"'[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Mitchell, 445 U.S. 535, 538, 100 S. Ct. 1349, 1351, 63 L. Ed. 2d 607 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586, 61 S. Ct. 767, 769-70, 85 L. Ed. 2d 1058 (1941)) (emphasis added), reh'g denied (June 2, 1980). Plaintiff has sued under the FTCA, which provides a partial waiver of sovereign immunity. 28 U.S.C. §§ 1346(b)(1), 2674. Under the statute, "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674. Section § 1346(b)(1) provides that the

federal courts have jurisdiction over claims for damages against the United States for personal injury

> caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

The complaint asserts a claim for medical malpractice that is governed by Tennessee substantive law. Tennessee has codified a cause of action for medical malpractice, adding elements and procedural requirements that differ from a common law cause of action for negligence. See Tennessee Medical Malpractice Act ("TMMA"), Tenn. Code Ann. §§ 29-26-115 through -122 (2010).[1] Under the TMMA, the claimant has the burden of proving, by a preponderance of the evidence:

> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar

---

[1] "The TMMA applies to alleged misconduct that involves a matter of medical science or art requiring specialized skills not ordinarily possessed by lay persons." Brister v. HCA Health Servs., No. M2010-01996-COA-R3-CV, 2011 WL 2395218, *3 (Tenn. Ct. App. June 8, 2011).

Tennessee has adopted the following standard for distinguishing between an ordinary negligence claim and one based upon medical malpractice:

> [W]hen a claim alleges negligent conduct which constitutes or bears a substantial relationship to the rendition of medical treatment by a medical professional, the medical malpractice statute is applicable. Conversely, when the conduct alleged is not substantially related to the rendition of medical treatment by a medical professional, the medical malpractice statute does not apply.

Id. (quoting Estate of French v. Stratford House, 333 S.W.3d 546, 555 (Tenn. 2011)).

5

community at the time the alleged injury or wrongful action occurred;

  (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and

  (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Tenn. Code Ann. § 29-26-115(a) & (d).

In 2008, Tennessee amended its medical malpractice act to include the requirement that plaintiffs provide a certificate of good faith. The statute provided that,

> [w]ithin ninety (90) days after filing a complaint in any medical malpractice action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith stating that:
>
> (1) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:
>
>   (A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and
>
>   (B) Believe, based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to maintain the action consistent with the requirements of § 29-26-115; or
>
> (2) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:
>
>   (A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and
>
>   (B) Believe, based on the information available from the medical records reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue and, as appropriate, information from the plaintiff or others with knowledge of the incident or incidents at issue, that there are facts material to the resolution of

6

the case that cannot be reasonably ascertained from the
medical records or information reasonably available to the
plaintiff or plaintiffs counsel; and that, despite the
absence of this information, there is a good faith basis
for maintaining the action as to each defendant consistent
with the requirements of § 29-26-115. Refusal of the
defendant to release the medical records in a timely
fashion or where it is impossible for the plaintiff to
obtain the medical records shall waive the requirement that
the expert review the medical record prior to expert
certification.

Tenn. Code Ann. § 29-26-122(a) (2008). Pursuant to § 29-26-122(c) thereof,

> [t]he failure of a plaintiff to file a certificate of good
> faith in compliance with this section shall, upon motion,
> make the action subject to dismissal with prejudice. . . .
> The court may, upon motion, grant an extension within which
> to file a certificate of good faith if the court determines
> that a health care provider who has medical records
> relevant to the issues in the case has failed to timely
> produce medical records upon timely request, or for other
> good cause shown.

Tenn. Code Ann. § 29-26-122(c). The statute was enacted on May 15, 2008, and it applied to "all actions filed on or after that date." 2008 Tenn. Pub. Acts, ch. 919, § 3.[2]

Plaintiff did not file a certificate of good faith within ninety (90) days of filing his complaint. Notably, Plaintiff's

---

[2] In 2009, § 29-26-116(a) was amended to require that the certificate be filed with the complaint. Tenn. Code Ann. § 29-26-116(a) (2010). The section, as amended, also provided that, "[i]If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause." Id. The amended provision took effect on July 1, 2009, and applied "only to those actions in which the required notice is given on or after July 1, 2009[.]" 2009 Tenn. Pub. Acts, ch. 425, § 4.

The 2008 amendments to the Tennessee malpractice act also required that a claimant give written notice to a provider at least 60 days before commencing suit. Tenn. Code Ann. § 29-26-121(a)(1) (2010). Thus, the current version of § 29-26-116(a) applies "in actions where the parties gave the written notice required by § 29-26-121(a)(1) after July 1, 2009." Williams v. United States, No. 09-2618, 2010 WL 1957238, at *3 (W.D. Tenn. May 12, 2010). The complaint alleges that Plaintiff properly exhausted his administrative remedies before filing suit as required by 28 U.S.C. § 2671.

7

response to the motions to dismiss and its attachments make clear that the failure to file a certificate of good faith was not due to a failure to obtain the relevant medical records in sufficient time to permit him to comply.[3]

In <u>Williams v. United States</u>, 754 F. Supp. 2d 942 (W.D. Tenn. 2010), the court held that this requirement applies to claims under the FTCA. <u>Williams</u>, 754 F. Supp. 2d at 953. The FTCA requires the application of state substantive law but not state procedural law. <u>Id.</u> at 948-49. In a thorough and persuasive analysis, the <u>Williams</u> court explained why Tennessee's malpractice certification statute is substantive rather than procedural. <u>See id.</u> at 949-52. Two other district courts have dismissed claims under the FTCA because the plaintiff failed to file the certificate of good faith required by the TMMA. <u>See</u> <u>Mayo v. United States</u>, ___ F. Supp. 2d ___, 2011 WL 1748595, at *3-4 (M.D. Tenn. 2011) (assuming that TMMA requirements apply without addressing whether those requirements are substantive or procedural); <u>Pacenza v. United States</u>, Cause No. 2:10CV-139-SA-DAS, 2011 WL 1059149 (N.D. Miss. Mar. 23, 2011) (applying TMMA). Most courts in other jurisdictions have reached the same conclusion. <u>See, e.g.</u>, <u>O'Neil v. Anderson</u>, 372 F. App'x 400, 402 & n.1 (4th Cir. 2010); <u>Hodge v. United States Dep't of Justice</u>, 372 F. App'x 264, 267 (3d Cir. 2010); <u>Johnson v. Lappin</u>, Civil Action No. 1:07-0944, 2011 WL 560459, at *9 (S.D. W. Va. Jan. 6, 2011)

---

[3] Instead, Plaintiff contends that his case falls within the common knowledge exception to the requirement of expert medical testimony in a medical malpractice case. The Court disagrees. Expert testimony is necessary to establish the timeline for proper diagnosis and treatment of Plaintiff's presenting symptoms, as well as to establish the proper care and treatment once Plaintiff was diagnosed. That knowledge is not within the common knowledge of laypersons.

8

(report and recommendation adopted, 2011 WL 535924 (S.D. W. Va. Feb. 8, 2011); Bauer v. United States, Civil No. 3:-09-CV-2279, 2010 WL 4942224, at *1-2 (M.D. Pa. Nov. 30, 2010); Bierbauer v. Manenti, No. 4:09CV2142, 2010 WL 4008835, at *10 (N.D. Ohio Oct. 12, 2010).[4]

Because Plaintiff failed to file a certificate of good faith within ninety (90) days of filing his complaint, and because he has not shown good cause for his failure, the Court GRANTS Defendant's motion for judgment on the pleadings under Rule 12(c). Defendant's first motion to dismiss (D.E. 20) and the remaining pending motions (D.E. 23 & 24) are DENIED as moot. Judgment shall be entered for Defendant.

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed in forma pauperis, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. The same considerations that lead the Court to grant the motion for judgment on the pleadings also compel the conclusion that an

---

[4] In Bierbauer, the court held the certificate of merit requirement under Ohio law to be substantive. Bierbauer, 2010 WL 40088835, at *10.

9

appeal would not be taken in good faith.  It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal in forma pauperis.  Leave to proceed on appeal in forma pauperis is, therefore, DENIED.

If Plaintiff appeals the dismissal of this case, the Court is required to assess the $455 appellate filing fee.  In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b).  Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and 28 U.S.C. § 1915(b).

IT IS SO ORDERED this 23rd day of March, 2012.

**S/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE